## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alphonso Haynesworth, #286317 | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No.: 8:08-1841-PMD-BHH |
| v. | ) |
| | ) |
| SCDC; Jon Ozmint; | ) |
| Warden Bob Anderson; | ) |
| Major NFN Murray; Lt. NFN Brachel; | ) |
| Sgt. NFN Ferguson; Officer Foreman; | ) |
| Sgt. NFN Hoosier; Officer NFN Jenkins; | ) **ORDER** |
| Officer NFN Jones; DHO S. Patterson; | ) |
| Law Librarian NFN Hunter; | ) |
| Officer NFN Staats; NFN Stevenson; | ) |
| Associate Warden NFN Billford; | ) |
| Cpt. B. Hinger; and Officer Uptagraft | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This matter is before the court on Plaintiff Alphonso Haynesworth's ("Plaintiff") Objections to the Report and Recommendation ("R&R") of a United States Magistrate Judge. Plaintiff originally filed this action in South Carolina state court pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 on March 27, 2008 alleging that the Defendants violated his constitutional rights when Plaintiff was found guilty of escape by prison disciplinary proceedings. On May 9, 2008, Defendants removed the case to this court. On September 12, 2008, the Magistrate Judge ordered the plaintiff to file an amended complaint to particularize his claims against the Defendants because his initial complaint was illegible. On September 29, 2008, Plaintiff filed an amended complaint.

On December 23, 2008, Defendants filed a motion for summary judgment. As Plaintiff is proceeding *pro se*, the court advised him on December 24, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), that if he failed to respond to Defendants' motion, a

1

dismissal of his complaint could result. On January 26, 2009, Plaintiff filed a response opposing the Defendant's motion for summary judgment. On March 4, 2009 and March 30, 2009, Plaintiff filed motions for default. Additionally, on April 27, 2009, Plaintiff filed a motion for summary judgment.

The matter was referred to a United States Magistrate Judge, who issued a Report and Recommendation ("R&R") recommending that Defendants' motion for summary judgment be granted and Plaintiff's motion for summary judgment be dismissed. Plaintiff filed timely Objections to the Report and Recommendation. Having reviewed the entire record, including Plaintiff's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## BACKGROUND

Plaintiff is an inmate currently confined at Evans Correctional Institution ("Evans"). While housed at Wateree River Correctional Institution ("Wateree"), Plaintiff's custody designation was Minimum In ("MI"). (Murray Aff.). Inmates assigned to the custody designation of MI are allowed access to programs, activities, and jobs inside the perimeter of the institution and outside the perimeter of the institution under armed supervision.[1] (*Id.*; Beckwith Aff.).

On May 30, 2007, Officer Jones ("Jones") ordered Plaintiff to clean out the dog run in front of the Mess Hall. (Murray aff.). Jones notified Officer Foreman ("Foreman") of Plaintiff's orders so that Plaintiff could be let through the inside perimeter gate to access the dog run. (*Id.*).

---

[1] The prison's grounds are split into two sections: the compound and the farm. (Beckwith Aff.). The compound consists of the inner grounds of the institution, the dorms, cafeteria, school, etc., while the farm consists of the outer grounds of the institution. (*Id.*). The compound is fenced and there is access to the farm by gates along the fence. (*Id.*). The compound has a small "dog run" section between the cafeteria and a dorm that is filled with sand and kept clean to show evidence of any attempted escape. (*Id.*).

When Jones called to check on Plaintiff's progress, Foreman reported that Plaintiff was not at the dog run area. (*Id.*). When Jones went to see where Plaintiff was located, Jones observed Plaintiff walking the outer perimeter fence passing the gas tanks on the far end of the outer perimeter. (*Id.*). According to the Defendants, Jones found Plaintiff twenty to thirty yards away from his authorized area. (*Id.*). Jones gave Plaintiff a directive to stop and come back towards the inner perimeter fence. (*Id.*). Plaintiff complied, was escorted to the holding cell, and was charged with escape. (*Id.*).

Plaintiff was initially charged with a Class I Escape. Pursuant to SCDC Policy OP-21.04 "Inmate Classification Plan," escapes are classified as Class I or Class II:

> Class I: Any escape, attempted escape, or aiding/abetting escape from a Level 2 or 3 institution or from medium, or maximum custody at a local detention center. Also includes escapes from a Level 1 institution or minimum custody at a local detention center that involves any threat of violence, physical harm, or other aggravating circumstances. Note: Should an inmate assigned to an outside detail, at any level institution, walk-off (with no aggravating circumstances), this should be classified as a Class II escape.

> Class II: Any escape, attempted escape, or aiding/abetting escape from a Level 1 institution or minimum custody at a local detention center that does not involve any threat of violence, physical harm, or other aggravating circumstances. Note: Should an inmate assigned to an outside detail, at any level institution, walk-off (with no aggravating circumstances), this should be classified as a Class II escape.

On June 4, 2007, Defendant Patterson, acting as the Designated Hearing Officer ("DHO") conducted a disciplinary hearing on the Class I escape charge. (SCDC Disciplinary Report and Hearing Record and Transcript). A counsel substitute was present to represent Plaintiff, but Plaintiff mostly represented himself. Plaintiff denied trying to escape and claimed that he was just confused about where he was supposed to be working. (*Id.*) After reviewing the evidence, the DHO convicted Plaintiff of Class I escape. (*Id.*). Plaintiff lost one hundred eighty (180) days

3

of canteen, phone and visitation privileges, lost one hundred ten (110) days of good time credits, and was sentenced to one hundred eighty (180) days of disciplinary detention. (*Id.*).

Plaintiff filed a Step One grievance regarding his conviction on June 5, 2007. On June 26, 2007, the Warden affirmed the conviction and denied the plaintiff's grievance. On July 27, 2007, the plaintiff filed a Step Two grievance. On October 8, 2007, the grievance was denied in part and affirmed in part. Upon review, it was determined that the evidence did not support a Class I escape, but rather a Class II escape. Plaintiff's conviction was reduced to a Class II escape; however, the disciplinary sanctions remained the same.

On November 1, 2007, Plaintiff filed an appeal with the South Carolina Administrative Law Court that dismissed the Plaintiff's appeal on July 24, 2008. On September 17, 2008, Plaintiff's appeal to the South Carolina Court of Appeals was dismissed because Plaintiff failed to pay the filing fee and provide original proof of service.

On March 27, 2008, Plaintiff filed this action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 alleging that the Defendants violated his constitutional rights. Specifically, Plaintiff alleges in his amended complaint that Defendants conspired to have Plaintiff charged with escape and that Defendants falsified incident reports. Plaintiff claims that he is not guilty of escape because he was assigned to outside detail and the guards let him through the security gates. Plaintiff alleges that as a result of Defendants' actions in depriving him of good time credits and in sentencing him to nine months of segregation, Plaintiff has suffered physical pain and mental and emotional anguish. Plaintiff is seeking actual and punitive damages, attorneys' fees and costs, and any other relief the court deems appropriate.

## STANDARD OF REVIEW

A.  **Legal Standard for Summary Judgment**

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327.

B.  **Magistrate Judge's R&R**

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id.*

## ANALYSIS

The Magistrate Judge found that Plaintiff's allegations concerning his disciplinary proceedings and the outcome of those proceedings are barred by *Heck v. Humprey*, 512 U.S. 477 (1994). (R&R pp. 5-7). The Magistrate Judge found that "Plaintiff's underlying complaint stems from what he alleges is a wrongful disciplinary conviction for escape. . . . [t]he awarding of damages to the plaintiff would necessarily imply the invalidity of the outcome of his disciplinary hearing and thus his claim is barred under *Heck* and *Balisok*." (*Id.*). For the reasons discussed below, the court agrees with the Magistrate Judge's recommendation and holds that Plaintiff's claims are barred by *Heck v. Humphrey*.

In *Heck v. Humphrey*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck,* 512 U.S. at 486-87. A district court hearing § 1983 claims must determine "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

The United States Supreme Court specifically extended *Heck* to the context of prison disciplinary proceedings. In *Edwards v. Balisok,* 520 U.S. 641 (1997), the Supreme Court applied *Heck*'s rule to a suit for damages that alleged constitutional flaws in prison disciplinary procedures that had resulted in the deprivation of good-time credits. The Court held that the due

process violations alleged by the Plaintiff "would, if established, necessarily imply the invalidity of the deprivation of his good-time credits." *Id.* at 646.

The Magistrate Judge found that a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence and that, therefore, the rule in *Heck* applied. Thus, as Plaintiff has not shown he successfully attacked his disciplinary hearing conviction, the complaint must be dismissed. The court agrees with the Magistrate Judge's recommendation and analysis.

In this case, Plaintiff is challenging the ultimate outcome of his disciplinary conviction of escape. Plaintiff is claiming that he should not have been found guilty of escape based on the facts in his case. Plaintiff also claims that the guards falsified the incident reports that formed the basis of his conviction. If the court awarded Plaintiff damages for his claims, the court would necessarily imply that his underlying escape conviction is invalid. Therefore, the court agrees with the Magistrate Judge that *Heck* is applicable. In addition, Plaintiff has failed to successfully attack his disciplinary hearing conviction. As noted above, Plaintiff's conviction was affirmed by the South Carolina Administrative Law Judge, and his appeal to the South Carolina Court of Appeals was denied for failure to pay the filing fee and provide original proof of service. Thus, based on the rule in *Heck*, Plaintiff's complaint must be dismissed. This is so even though Plaintiff has also brought his suit under 42 U.S.C. §§ 1985 and 1986. *Cooper v. Pinkerton Sec.*, 2007 WL 666799, at *2 (D.S.C. Feb. 27, 2007) (citing *McQuillon v. Schwarzenegger*, 369 F.3d 1091, 1097 n. 4 (9th Cir. 2004) (joining circuits that hold that *Heck* bar applies "equally" to cases brought pursuant to 42 U.S.C. §§ 1983, 1985, or 1986)).

Plaintiff objects to the Magistrate Judge's R&R and states that the Magistrate failed to fully review and investigate the evidence of his case. Plaintiff's objections also contain further

arguments as to why his escape conviction is wrongful. However, despite Plaintiff's objections, his claim must still be dismissed under *Heck v. Humphrey* because a damages award in Plaintiff's favor would necessarily imply that the underlying escape conviction is invalid. Therefore, in order to proceed with his §§ 1983, 1985 and 1986 claim, Plaintiff must first have his conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In addition, to the extent that Plaintiff asserts claims under South Carolina law, any such claims are premised on supplemental jurisdiction. Because the court grants Defendants' motion for summary judgment on all of Plaintiff's claims for which it has original jurisdiction, the court also dismisses any additional claims for relief under state law for lack of jurisdiction. 28 U.S.C. § 1367(c)(4).

## CONCLUSION

For the foregoing reasons, the court agrees with the Magistrate Judge's Report and Recommendation that Defendants' Motion for Summary Judgment be **GRANTED**, that Plaintiff's Motion for Summary Judgment be **DENIED**, and that Plaintiff's claims be **DISMISSED** without prejudice.

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**September 30, 2009**
**Charleston, SC**

NOTICE OF APPEAL
Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.